MATTER OF TUCKER

In Deportation Proceedings

A-17455405

*Decided by Board July 25, 1967*

Respondent, who after arrival in the United States was not employed as a maid or domestic for which employment she had been issued prior to entry a labor certification under section 212(a)(14), Immigration and Nationality Act, as amended, but who obtained immediate employment as a sewing machine operator, the type of work she was doing before arrival, is deportable under section 241(a)(1) of the Act as one excludable at entry for lack of a valid labor certification.

CHARGE:

Order: Act of 1952—Section 241(a)(1) [8 U.S.C. 1251(a)(1)]—Excludable at time of entry—No due certification by Secretary of Labor as required by section 212(a)(14) of the Act.

The special inquiry officer in a decision dated April 26, 1967 found the respondent subject to deportation on the charge designated above but granted her application requesting that she be permitted to depart voluntarily from the United States in lieu of deportation and directed that if she failed to depart within the time and under the conditions set by the District Director, the privilege of voluntary departure be withdrawn and she be deported from the United States to Jamaica, West Indies, the country of her nativity and citizenship, on the charge set forth in the order to show cause. The case has been certified to the Board for final decision in accordance with the applicable regulations. The respondent, a 37-year-old married female, native and citizen of Jamaica, West Indies, has resided continuously in the United States since her admission for permanent residence at Miami, Florida on December 11, 1966, at which time she had in her possession and presented for inspection special immigrant visa, classification SA–1, issued in her name by the United States Vice Consul at Kingston, Jamaica on November 25, 1966 valid until March 24, 1967. The visa bears the notation that the respondent was in possession of valid Passport No. 21517 issued in her name by the Minister of External Affairs

in Kingston, Jamaica, the validity of said passport expiring on May 20, 1968.

Deportation proceedings were instituted against the respondent on April 5, 1967. A hearing in deportation proceedings was held at Boston, Massachusetts on April 26, 1967 at which time the respondent was advised of her right to be represented by counsel or other person of her choice. When asked what she wished to do she replied, "I would like to continue with the hearing." The special inquiry officer then inquired if she desired to proceed without a lawyer and she replied, "Yes." (p. 1) The respondent admitted the truth of the eight allegations set forth in the order to show cause. On examination of the record we find the respondent was admitted to the United States for permanent residence as a special immigrant, born in an independent country of the Western Hemisphere; that she was in possession of a labor certification attached to an immigrant visa issued by a lawful representative of the United States Secretary of Labor certifying her for employment in the home of one Mrs. Bernard H. Cole in Newton Center, Massachusetts. The respondent since her admission to the United States on December 11, 1966 has never been employed in the home of Mrs. Bernard H. Cole. The record shows that since December 19, 1966 she has been gainfully employed as a sewing machine operator by G. T., Inc. in Roxbury, Massachusetts at a salary of $70 per week. The record reflects that the Secretary of Labor or his authorized delegate has never accorded the respondent a labor certification for employment as a sewing machine operator in the United States.

The respondent in her application for alien employment certification (Part I—Statement of Qualifications of Alien (ES-275A)) certified on January 24, 1966 she was living with her husband in Jamaica, West Indies; that she was seeking employment as a stitcher or telephone operator. The respondent in describing her qualifications and skills declared that she had been issued a telephone operating certificate and was also proficient in the use of a sewing machine. She certified she was then employed by Aly's Ltd., R. Hanna and Sons Ltd. in Kingston, Jamaica, West Indies; that she was then employed as a stitcher and had been so employed since 1965. Mrs. Bernard Cole in her application for alien employment certification (Part II—Job Offer for Alien Employment (ES-575B)) which was subscribed and sworn to by her on April 21, 1966 stated she was a homemaker living in Newton Center, Massachusetts. The affiant in answering question 7 of Part II of Application for Alien Employment Certification deposed that the respondent would work at her address in Newton Center, Massachusetts; that the employment offered was neither seasonal nor temporary. Mrs. Cole further deposed she was seeking the respondent's serv-

ices to fill an existing vacancy in her home and that she expected to employ the respondent indefinitely. Mrs. Cole in answering question 20 of the above application for alien employment certification stated that she intended to file a petition (Form I-140) with the Immigration and Naturalization Service for admission of the alien as a preference immigrant; that the nature of the job offered the respondent was general maid and she would receive a weekly stipend of $45 for a daily work schedule of eight hours.

The respondent in executing Foreign Service Form-510 in connection with her application for an immigrant visa and alien registration which was subscribed and sworn to by her before the United States Consular officer at Kingston, Jamaica on November 25, 1966, deposed her present occupation was a dressmaker and telephone operator; that her purpose in coming to the United States was to be a companion to her aunt, one Mrs. Christine Anderson, a widow living alone at 17 Kensington Street, Roxbury, Massachusetts. The respondent further deposed that her final address in the United States would be 17 Kensington Street, Roxbury, Massachusetts. The respondent declared she had previously been in the United States as a nonimmigrant visitor from November 1961 until May 4, 1962 and from July 1963 to August 7, 1964; that on the latter occasion her husband was also admitted to the United States with her as a nonimmigrant visitor. The alien employment certification subscribed and sworn to and submitted for consideration by Mrs. Bernard H. Cole on April 21, 1966, was certified by an authorized representative of the United States Department of Labor on June 8, 1966. The respondent did not apply for an immigrant visa with which to enter the United States until November 25, 1966. The record clearly shows that the respondent was never employed in the household of Mrs. Bernard H. Cole after admission to the United States on December 11, 1966.

The respondent in an affidavit subscribed and sworn to before an officer of the Service at Boston, Massachusetts on March 29, 1967 deposed that she obtained a work certification and clearance to work for Mrs. Bernard H. Cole, 138 Cedar Street, Newton Center, Massachusetts; that after admission to the United States for permanent residence on December 11, 1966 she went to the home of Mrs. Cole on Saturday, December 17, 1966 at which time Mrs. Cole advised her that she had a girl from Haiti and did not have any immediate use for the respondent's services. The respondent declared that Mrs. Cole said she could possibly place the respondent in the home of a friend of hers at a salary of $45 per week. On the following day, Sunday, December 18, 1966, the respondent examined the Sunday newspapers looking for a position and on December 19, 1966 she obtained employment as a sew-

ing machine operator at the G & T, Inc. in Boston, Massachusetts at a salary of $70 per week. In this connection it is noted that the respondent in her application for alien employment certification (Part II) certified on January 24, 1966 that she was then employed as a stitcher and machine operator by a company in Kingston, Jamaica. The evidence establishing that the respondent is subject to deportation under the provisions of section 241(a)(1) of the Immigration and Nationality Act, in that, at the time of entry she was within one or more of the classes of aliens excludable by the law existing at the time of such entry, to wit, aliens who are seeking to enter the United States for the purpose of performing skilled or unskilled labor and in whose cases the Secretary of Labor has not made a certification as provided in section 212(a)(14) of the Immigration and Nationality Act, as amended, is clear, unequivocal and convincing. The respondent is subject to deportation on the charge designated above.

In the instant case the respondent after arrival in the United States on December 11, 1966 was not employed as a maid or domestic for which she was granted a certification by the United States Secretary of Labor on June 8, 1966. One week after her arrival in the United States on December 11, 1966, the respondent appeared at the home of her prospective employer, Mrs. Bernard H. Cole, at 138 Cedar Street, Newton Center, Massachusetts at which time Mrs. Cole informed her that she had no need for her services.[1]

Upon full consideration of all the evidence present in this record, the decision of the special inquiry officer will be affirmed. For the reasons hereinbefore set forth, the following order will be entered.

**ORDER:** It is ordered that the order entered by the special inquiry officer on April 26, 1967 granting the respondent permission to depart voluntarily from the United States under such conditions as may be imposed by the District Director and further ordering that she be deported to Jamaica, West Indies on the charge contained in the order to show cause if she fails to depart when and as required, be and the same is hereby approved.

---

[1] Mrs. Bernard H. Cole in an affidavit subscribed and sworn to before an officer of the Service on April 17, 1967 deposed that she had made five or six applications for alien employment certification. Mrs. Cole stated she did not require the services of the five or six domestics for whom she submitted applications for labor employment certification but that she executed these applications to help the aliens and her friends who needed domestic help. Mrs. Cole deposed that she was never interested in having the respondent herein as an employee (p. 8, Ex. 4).

321-654—69——23